UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GARY KRELA, individually and on behalf of the Estate of GEORGE RAYMOND KRYLA, and LINDA KRELA , | 6:12-cv-1089-TC |
| Plaintiffs, | ORDER |
| v. | |
| FLORENCE KRYLA, aka FLORENCE KELLY, aka FLORENCE GLEASON, AKA FLORENCE FENTON; SOUTH COAST HOSPICE & PALLIATIVE CARE SERVICES, INC; THOMAS F. McANDREW, M.D.; and DOES 1-10; | |
| Defendants. | |

COFFIN, Magistrate Judge:

Plaintiffs allege medical negligence and abuse claims arising from the treatment and death of George Kryla. Presently before the court are defendant Thomas F. McAndrew's motion (#3) to dismiss for failure to state a claim , defendant South Coast Hospice & Palliative Care Service's motion (#7) to dismiss, and defendant Florence Kryla's motion (#17) to dismiss for failure to state

Page 1 - ORDER

a claim. The Court heard oral argument on the matter and all the briefing on the motions was considered.

Standards

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but should dismiss unless the complaint contains enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard —affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

Page 2 - ORDER

## DISCUSSION

It is undisputed that plaintiffs are not the personal representatives of the estate of George Kryla. Such is required under Oregon law to have standing to bring plaintiff's statutory claims. ORS 30.075, Giulieti v. Oncology Assoc of Oregon, P. C., 178 Or. App. 260 (2001), ORS 30.075, ORS 124.100 (3).

Plaintiff's common law negligence claim also fails as no common law negligence claim survives the death of a patient, Mendez v. Walker, 272 Or. 602, 603-604 (1975), and, even if the claim was available, it would be time-barred by the two year statute of limitations, ORS 12.110.

## CONCLUSION

Thomas F. McAndrew's motion (#3) to dismiss, South Coast Hospice & Palliative Care Service's motion (#7) to dismiss, and Florence Kryla's motion (#17) to dismiss are allowed and this action is dismissed.

DATED this 15th day of February, 2013.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 3 - ORDER